```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY BENNETT,                            :
                                            :
                Plaintiff,                  :      ORDER OF SERVICE
                                            :
        -against-                           :      12 Civ. 1345 (KBF)
                                            :
NEW YORK POLICE DEPARTMENT; CITY OF         :
NEW YORK ET AL; FRANCIS ZITO SHIELD         :
#22; BRANDY CHIU SHIELD #30970; JULIA       :
LONDON ESQ ASSISTANT DISTRICT               :
ATTORNEY; WILLIE WALKER; MICHAEL            :
HART,                                       :
                                            :
                Defendants.                 :
                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 27 2012

KATHERINE B. FORREST, United States District Judge:

Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging false arrest and malicious prosecution for auto stripping.

## STANDARD OF REVIEW

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572

F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff was arrested by Officers Zito and Chiu on March 21, 2009. (Compl. at 4.) The officers had not observed plaintiff doing anything suggesting a legitimate basis for his arrest. (Id.) The officers charged plaintiff with auto stripping, and two witnesses, Willie Walker and Michael Hart, falsely claimed to be able to identify plaintiff as a man they observed suspiciously looking into cars. (Id. at 4–5.) During criminal proceedings against plaintiff, Assistant District Attorney London knew that there was no record of a 911 call that Hart claimed to have placed. (Id. at 5.) Hart was subpoenaed to testify in plaintiff's criminal proceedings, but he did not comply; London did not try hard enough to procure Hart's testimony at trial. (Id. at 5–6.) A jury acquitted plaintiff of all charges. (Id. at 6.)

## DISCUSSION

A.   New York Police Department

An agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); see Brewton v. City of New York, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y.1999). Therefore, plaintiff's claims against the New York Police Department must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

B.    Assistant District Attorney Julia London

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." West v. Atkins, 487 U.S. 42, 48–49 (1988). Prosecutors, however, are absolutely immune to suit for actions performed "as an advocate for the state." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The Court of Appeals for the Second Circuit has observed that "[t]his immunity is applicable even where the prosecutor knowingly used perjured testimony and deliberately withheld exculpatory information." Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993); see generally Van de Kamp v. Goldstein, 555 U.S. 335 (2009) (discussing the limits of absolute prosecutorial immunity).

Plaintiff's claims against Julia London arise out of London's actions as an advocate on behalf of the state in plaintiff's criminal prosecution; the allegations against London relate to her presentation of witness testimony at trial and her failure to procure the appearance of a witness who had been subpoenaed to testify. (Compl. at 5–6.) Even if the Complaint is read to allege that London deliberately elicited false testimony from a witness, she is immune from suit for that conduct. Therefore, plaintiff's claims against London must be dismissed on immunity grounds. 28 U.S.C. § 1915(e)(2)(B)(iii).

## CONCLUSION

The Court dismisses plaintiff's claims against the New York Police Department and Assistant District Attorney Julia London.

The Clerk of Court is directed to issue a Summons as to defendants City of New York, Francis Zito Shield #22, Brandy Chiu Shield #30970, Willie Walker and Michael Hart. Plaintiff is directed to serve the Summons and Complaint on these defendants within 120 days of issuance

of the Summons. If service has not been made within those 120 days, and plaintiff has not requested an extension of time to serve within those 120 days, the Complaint may be dismissed for failure to prosecute pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated: March 27, 2012
      New York, New York

                                                  KATHERINE B. FORREST
                                                  United States District Judge