12 Civ. 1345 (KBF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BENNETT,

Plaintiff,

-against-

NEW YORK POLICE DEPARTMENT, CITY OF NEW
YORK,  FRANCIS ZITO SHIELD #22, BRANDY
CHIU SHIELD #30970, JULIA LONDON, ESQ.
ASSISTANT DISTRICT ATTORNEY, WILLIE
WALKER, AND MICHAEL HART,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Pernell Telfort*
*Tel:  (212) 422-4050*
*NYCLIS #:  2012-020626*

**TABLE OF CONTENTS**

<u>**Page**</u>

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

RULE 12(b)(6) STANDARD FOR DISMISSAL ................................................................ 4

ARGUMENT

      POINT I

           PLAINTIFF'S   FALSE   ARREST   CLAIM
           SHOULD BE DISMISSED BECAUSE THERE
           WAS   PROBABLE   CAUSE   TO   ARREST
           PLAINTIFF.................................................................. 6

           A. Officers Had Probable Cause to Arrest Plaintiff
              For Auto Stripping and Criminal Mischief............................ 7

           B. Officers Had Probable Cause to Arrest Plaintiff
              for Possession of a Controlled Substance .............................. 9

           C. Officers Had Probable Cause to Arrest Plaintiff
              for Menacing ....................................................... 9

      POINT II

           PLAINTIFF'S   MALICIOUS   PROSECUTION
           CLAIM SHOULD BE DISMISSED AS THERE
           WAS PROBABLE CAUSE FOR PLAINTIFF'S
           PROSECUTION.................................................... 10

      POINT III

           THE DEFENDANT OFFICERS ARE ENTITLED
           TO QUALIFIED IMMUNITY FROM LIABILITY ................................ 11

Page

POINT IV

IF THE COURT CONSTRUES PLAINTIFF'S
COMPLAINT AS ALLEGING A DENIAL OF
FAIR TRIAL CLAIM, PLAINTIFF'S CLAIMS
SHOULD BE DISMISSED BECAUSE THE
ALLEGED FALSE STATEMENT WAS NOT
LIKELY TO INFLUENCE A JURY'S DECISION ..................................13

POINT V

PLAINTIFF'S HAS NOT SUFFICIENTLY
ALLEGED A CLAIM FOR MUNICIPAL
LIABILITY................................................................................................14

CONCLUSION............................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

*Abreu v. City of New York,*
   657 F. Supp. 2d 357 (E.D.N.Y. 2009) ............................................................... 15

*Alvarado v. City of New York,*
   453 Fed. Appx. 56 (2d Cir. 2011) ................................................................ 8, 12

*Araujo v. City of New York,*
   2010 U.S. Dist. LEXIS 26082 (E.D.N.Y. Mar. 19, 2010) ....................................... 15

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009),
   556 U.S. 662 (2009), 6 U.S. at 680 ........................................................ 4, 6, 15

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) .......................................................................... 4, 16

*Blasini v. City of New York,*
   No. 11 Civ. 3022 (SAS), 2011 U.S. Dist. LEXIS 143766 (S.D.N.Y. Dec. 13, 2011) ............. 11

*Brogdon v. City of New Rochelle,*
   200 F. Supp. 2d 411 (S.D.N.Y. 2002) ............................................................ 10

*Campbell v. Giuliani,*
   No. 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609 (S.D.N.Y. Jan. 24, 2001) ..................... 7

*Cerrone v. Brown,*
   246 F.3d 194 (2d Cir. 2001) ..................................................................... 12

*Chambers v. Time Warner, Inc.,*
   282 F.3d 147 (2d Cir. 2002) ...................................................................... 5

*City of Canton v. Harris,*
   489 U.S. 378 (1989) ............................................................................ 14

*City of Los Angeles v. Heller,*
   475 U.S. 796 (1986) ............................................................................ 16

*City of St. Louis v. Praprotnik,*
   485 U.S. 112 (1985) ............................................................................ 14

*Colon v. New York,*
   468 N.Y.S.2d 453 (1983) ........................................................................ 10

**Cases**                                                                                                          **Pages**

*Covington v. City of New York,*
   171 F.3d 117 (2d Cir. 1999),
   *cert. denied,* 528 U.S. 946 (1999) ................................................................................ 6

*Curley v. Village of Suffern,*
   268 F.3d 65 (2d Cir. 2001) ............................................................................................ 7

*Matter of Daniel M.,*
   37 A.D.3d 1101 (4th Dep't 2007) ................................................................................ 10

*Devenpeck v. Alford,*
   543 U.S. 146 (2004) .................................................................................................. 6, 7

*Garrett v. City of New York,*
   10 Civ. 2689 (JGK), 2011 U.S. Dist. LEXIS 109465 (S.D.N.Y. Sep. 26, 2011) ..................... 8

*Gilles v. Repicky,*
   511 F.3d 239 (2d Cir. 2007) .......................................................................................... 11

*Green v. Montgomery,*
   219 F.3d 52 (2d Cir. 2000) ............................................................................................ 10

*Harper v. Port Auth. of N.Y. & N.J.,*
   05 Civ. 5534 (BSJ), 2009 U.S. Dist. LEXIS 12473 (S.D.N.Y. Feb. 18, 2009) ..................... 16

*Harris v. Howard,*
   08 Civ. 4837 (CM), 2009 U.S. Dist. LEXIS 105860 (S.D.N.Y. Oct. 30, 2009) ..................... 5

*Harris v. Mills,*
   572 F.3d 66 (2d Cir. 2009) ............................................................................................ 4

*Hunter v. Bryant,*
   502 U.S. 224 (1991) ...................................................................................................... 12

*Jaegly v. Couch,*
   439 F.3d 149 (2d Cir. 2006) .......................................................................................... 6

*Lennon v. Miller,*
   66 F.3d 416 (2d Cir. 1995) ............................................................................................ 12

*Manganiello v. City of New York,*
   612 F.3d 149 (2d Cir. 2010) .......................................................................................... 10

*Martinez v. Simonetti,*
   202 F.3d 625 (2d Cir. 2000) .......................................................................................... 7

**Cases**                                                                      **Pages**

*McClellan v. Smith,*
439 F.3d 137 (2d Cir. 2006)................................................................................. 10

*McKinney v. George,*
727 F.2d 1183 (7th Cir. 1984) .............................................................................. 7

*Miloslavsky v. AES Eng'g Society,*
808 F. Supp. 351 (S.D.N.Y. 1992) ............................................................. 7, 12, 13

*Missel v. County of Monroe,*
351 Fed. Appx. 543 (2d Cir. 2009)....................................................................... 15

*Mitchell v. Prison Health Servs., Inc.,*
07 Civ. 8268, 2008 U.S. Dist. LEXIS 96944 (S.D.N.Y. Nov. 20, 2008) ............... 16

*Mitchell v. Victoria Home,*
377 F. Supp. 2d 361 (S.D.N.Y. 2005)..................................................................... 6

*Monell v. Dep't of Social Servs.,*
436 U.S. 658 (1978) ........................................................................... 14, 15, 16

*O'Neill v. Town of Babylon,*
986 F.2d 646 (2d Cir. 1993)................................................................................. 12

*Overhoff v. Ginsburg Development,*
143 F. Supp. 2d 379 (S.D.N.Y. 2001)................................................................... 15

*Pembaur v. Cincinnati,*
475 U.S. 469 (1986)............................................................................................ 14

*People v. Mizell,*
72 N.Y.2d 651 (1988) ........................................................................................... 9

*People v. Robinson,*
265 A.D.2d 241 (1st Dep't 1999) .......................................................................... 8

*Rehberg v. Paulk,*
No. 10-788, 2012 U.S. Dist. LEXIS 2711 (April 2, 2012) ..................................... 11

*Ricciuti v. New York City Transit Auth.,*
124 F. 3d 123 (2d Cir. 1997)............................................................................... 13

*Samuels v. Air Transp. Local 504,*
992 F.2d 12 (2d Cir. 1993).................................................................................... 5

**Cases**                                                                                                                                                   **Pages**

*Savino v. City of New York,*
    331 F.3d 63 (2d Cir. 2003)..................................................................................................... 10

*Sheridan v. Dubow,*
    92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197 (S.D.N.Y. Aug. 30, 1993) ...................... 5

*Simon v. City of New York,*
    No. 09 CV 1302, 2011 U.S. Dist. LEXIS 9515 (E.D.N.Y. Jan. 3, 2011)............................... 12

*Starr v. Sony BMG Music Entertainment,*
    592 F.3d 314 (2d Cir. 2010)...................................................................................................... 4

*Trinidad v. City of New York,*
    No. 06 CV 3002 (BMC) (LB), 2006 U.S. Dist. LEXIS 51776 (E.D.N.Y. Jul. 7, 2006) ......... 16

*United States v. Josephberg,*
    562 F.3d 478 (2d Cir. 2009)..................................................................................................... 13

*Vasquez v. McPherson,*
    285 F. Supp. 2d 334 (S.D.N.Y. 2003)....................................................................................... 6

*Weyant v. Okst,*
    101 F.3d 845 (2d Cir. 1996) ...................................................................................................... 6

**Statutes**

42 U.S.C. § 1983.............................................................................................................. 1, 11, 16

Fed. R. Civ. P. 12(b)(6)................................................................................................. 1, 4, 5, 15

Fed. R. Civ. P. 12(d) ............................................................................................................... 5

Fed. R. Civ. P. 56 ................................................................................................................... 5

N.Y. Penal Law § 120.15. ....................................................................................................... 9

N.Y. Penal Law § 140.00(1).................................................................................................... 8

N.Y. Penal Law § 165.09 ........................................................................................................ 8

N.Y. Penal Law § 165.09(1).................................................................................................... 8

N.Y. Penal Law § 165.10 ........................................................................................................ 8

N.Y. Penal Law § 220.03. ....................................................................................................... 9

N.Y. Pub. Health Law § 3306.................................................................................................. 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

ANTHONY BENNETT,

Plaintiff,

-against-

NEW YORK POLICE DEPARTMENT, CITY OF NEW
YORK, FRANCIS ZITO SHIELD #22, BRANDY CHIU
SHIELD #30970, JULIA LONDON, ESQ. ASSISTANT
DISTRICT ATTORNEY, WILLIE WALKER, AND
MICHAEL HART,

Defendants.

------------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS PURSUANT TO
F.R.C.P. 12(b)(6)**

12 Civ. 1345 (KBF)

Defendants City of New York, Francis Zito and Brandy Chiu (collectively, "City

defendants"),[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New

York, respectfully submit this Memorandum of Law in support of their motion to dismiss the

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff, Anthony Bennett, brings this action, pursuant to § 1983, alleging that

Officers Zito and Chiu falsely arrested him and that he was subsequently maliciously prosecuted

for "auto stripping." Plaintiff's allegations stem from his encounter with an individual named

Willie Walker ("Walker") on the morning of March 21, 2009. Officer Zito arrested plaintiff for,

*inter alia*, menacing and possession of a controlled substance. Plaintiff was later indicted on

charges of auto stripping after another individual named Michael Hart ("Hart") identified

plaintiff in a line-up as the person he observed break into Walker's car window on March 19,

2009.  Plaintiff's false arrest claims should be dismissed with prejudice because there was probable cause to arrest plaintiff for: 1) third degree menacing because the defendant officers observed plaintiff raising a cane in a menacing manner as if to hit Walker; 2) possession of a controlled substance after officers recovered a crack pipe containing drug residue from plaintiff's pocket; and 3) criminal mischief and auto stripping after Hart identified plaintiff as the person he observed break into Walker's car window.  Plaintiff's malicious prosecution claims should be dismissed because officers had probable cause to arrest plaintiff for auto stripping and plaintiff cannot overcome the presumption of probable cause created by the grand jury's indictment.

To the extent that the Court construes plaintiff's complaint as alleging a claim for a denial of a fair trial, plaintiff's claims should be dismissed because plaintiff cannot show that officers forwarded false statements to prosecutors that was likely to influence a jury's decision. Plaintiff's claim against the City of New York should be dismissed because plaintiff fails to allege any facts to maintain a claim for municipal liability.

## STATEMENT OF FACTS[2]

Plaintiff alleges that on March 21, 2009 he was walking home when defendant Walker stopped him and questioned whether he lived in the neighborhood.  (Compl. at 4.) Plaintiff told Walker that he did live in the neighborhood.  (Compl. at 4.)  Walker did not believe plaintiff and began following him.  (Compl. at 4.)  Plaintiff asked Walker to leave him alone, however, Walker continued to follow plaintiff saying that he lived in the Grant Projects and not in the neighborhood.  (Compl. at 4.)  Officer Zito, in an unmarked police car, observed plaintiff

---

[1] On March 27, 2012, Magistrate Judge Kevin Nathaniel Fox dismissed plaintiff's claims against the New York Police Department and Assistant District Attorney Julia London.  Therefore, the only remaining City defendants are the above-referenced.

[2] The following facts are taken from plaintiff's complaint and the exhibits annexed thereto and are presumed to be true for the purpose of this motion.  A copy of the complaint is attached to

and Walker interacting with one another and heard cursing and screaming. (Compl. at 4; PL 2:5-9; PL 7:7-22.)[3] Officer Zito approached and observed plaintiff raise his cane as if he was going to hit Walker. (PL 2 at 10-11; PL 7:13-16; PL 15.) Officer Zito pulled up to plaintiff and Walker and he and his partner, Officer Chiu, exited the vehicle to break up the escalating situation. (Compl. at 4; PL 2:14 – 3:3; PL 7:7-22.)

Officer Zito asked plaintiff and Walker, "What's going on?" Plaintiff replied, "This guy will not leave me the F--k alone." (Compl. at 4.) Walker informed Officer Zito that plaintiff fit the description of the person who had broken into his car. (PL 6:5-7; PL 10:24-25.) Walker had previously reported to police that someone broke into his car and took an iPod valued at $96. (PL 10:23-25; PL 23-24.) Officer Zito then asked Walker if he had observed plaintiff break into his car. (PL 6:7-11.) Walker told Officer Zito that he had not, but indicated that Hart had observed plaintiff break into his car. (PL 6:11-15.) Plaintiff was arrested for disorderly conduct and taken to the 28th precinct for arrest processing. (PL 5:3-5.) Officers searched plaintiff at the precinct and recovered a crack pipe with drug residue from plaintiff's left pants pocket and a push pin in plaintiff's right pants pocket. (Compl. at 4; PL 5:6-9; PL 20.)

Walker contacted Hart and told him that a sergeant from the 28th precinct wanted to talk to him. (PL 6:16-20; PL 8:18-21.) At approximately 3:00 p.m., Hart went to the 28th Precinct and viewed a line-up. (PL 14:3-10.) Hart identified plaintiff as the person he observed

---

the Declaration of Pernell M. Telfort dated August 27, 2012, as Exhibit "A" (hereinafter "Compl.").

[3] Plaintiff attached numerous documents to his complaint as exhibits. The exhibits are not organized in any particular order, contain duplicates, and are confusingly labeled. For the Court's convenience, the exhibits have been reorganized and all duplicates have been removed. The exhibits have also been Bates numbered. A copy of the Bates numbered exhibits is attached to the Declaration of Pernell M. Telfort, dated August 27, 2012, as Exhibit "B" (hereinafter "PL"). For ease of reference, the exhibits will be referred to throughout the instant motion by Bates number.

break Walker's car window. (Compl. at 5; PL 14:3-22; PL 15; PL 18; PL 21-22.) Thereafter, plaintiff was arrested for criminal use of drug paraphernalia in the second degree; criminal possession of a controlled substance in the seventh degree, and disorderly conduct: fighting/violent behavior. (PL 20.) The District Attorney's Office charged plaintiff with Criminal Mischief in the Fourth Degree; Criminal Possession of a Controlled Substance in the Seventh Degree; and Disorderly Conduct. (PL 21.) A grand jury later indicted plaintiff on auto stripping charges. (*See* PL 22.) Plaintiff was tried on charges of auto stripping, but was acquitted following a jury trial. (Compl. at 6.; PL 22.)

## **RULE 12(B)(6) STANDARD FOR DISMISSAL**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual averments permit no reasonable inference stronger than the "mere possibility of misconduct," the complaint should be dismissed. *Starr v. Sony BMG Music Entertainment*, 592 F.3d 314, 321 (2d Cir. 2010). Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In applying this standard of facial plausibility, the court takes all "factual allegations to be true and draw[s] all reasonable inferences in the plaintiff's favor," *see Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009); however, the court should not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

4

In deciding a motion to dismiss, a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). Even where a document is not incorporated by reference, "the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (internal quotations omitted). With respect to judicial notice, "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments, and criminal disposition data." *Harris v. Howard*, 08 Civ. 4837 (CM), 2009 U.S. Dist. LEXIS 105860, at *2 (S.D.N.Y. Oct. 30, 2009) (internal quotation omitted).

Finally, on a 12(b)(6) motion, if "matters outside the pleading are presented to and not excluded by the court," the Court may *sua sponte* convert the motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(d); *see also Sheridan v. Dubow*, 92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197, at *2 (S.D.N.Y. Aug. 30, 1993) (wherein Court converted a motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment).

# ARGUMENT

## POINT I

### PLAINTIFF'S FALSE ARREST CLAIM SHOULD BE DISMISSED BECAUSE THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF

Plaintiff's false arrest claim[4] should be dismissed because plaintiff's complaint and the attached exhibits establish that the defendant officers[5] had probable cause to arrest plaintiff for auto stripping, criminal mischief, menacing and possession of a controlled substance. The existence of probable cause is a complete defense to an action for false arrest. *Weyant v. Okst*, 101 F.3d 845, 853. In general, an officer has probable cause to arrest a suspect when, at the moment of arrest, the facts and circumstances within the officer's knowledge would warrant a reasonable person to conclude that the suspect has committed or is committing a crime. *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 340 (S.D.N.Y. 2003). It is not necessary to show that there was probable cause for each crime with which the arrestee was charged. In fact, both the Supreme Court and the Second Circuit have held that as long as the police had probable cause to arrest the suspect for *any* crime, regardless of whether the arrestee was actually charged with that crime, the arrest is lawful. *Devenpeck v. Alford*, 543 U.S. 146, 152-156 (2004); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006). The Supreme Court explained that "the fact that the

---

[4] There is no difference between the plaintiff's alleged false arrest and illegal imprisonment claims. *See, e.g.*, *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999), *cert. denied*, 528 U.S. 946 (1999) ("false arrest is simply an unlawful detention or confinement brought about by means of an arrest rather than in some other way and is in all other respects synonymous with false imprisonment"); *see also Weyant v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (describing false arrest as "a species of false imprisonment"); *Mitchell v. Victoria Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005) (citations omitted) ("false arrest is considered a kind of false imprisonment, and the claims are analyzed in identical fashion").

[5] Plaintiff has not alleged any facts to show that Officer Chiu was personally involved in his arrest or prosecution. Therefore, all claims against Officer Chiu should be dismissed as a matter of law. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action," since "an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." *Devenpeck*, 543 U.S. at 153 (internal citations omitted).

## A.   Officers Had Probable Cause to Arrest Plaintiff For Auto Stripping and Criminal Mischief

It is well established that an officer has probable cause to arrest a suspect when a putative victim or an eyewitness reports that the suspect has committed a crime "unless the circumstances raise doubt as to the person's veracity." *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001); *see also Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("We have previously held that police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed"); *McKinney v. George*, 727 F.2d 1183, 1187 (7th Cir. 1984) ("If policemen arrest a person on the basis of a private citizen's complaint that if true would justify the arrest, and they reasonably believe it is true, they cannot be liable for violations of the Constitution merely because it later turns out that the complaint was unfounded."); *Miloslavsky v. AES Eng'g Society*, 808 F. Supp. 351, 355 (S.D.N.Y. 1992) ("It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, who it seems reasonable to believe is telling the truth."). "The veracity of citizen complainants who are the victims of the very crime they report is assumed." *Miloslavsky*, 808 F. Supp. at 355. "Indeed, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." *Campbell v. Giuliani*, No. 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (S.D.N.Y. Jan. 24, 2001). Additionally, an officer has

probable cause to arrest a suspect when the suspect is selected during a line-up. *Alvarado v. City of New York*, 453 Fed. Appx. 56, 58 (2d Cir. 2011).

Officer Zito had probable cause to arrest plaintiff for auto stripping in the third degree and criminal mischief in the fourth degree. "A person is guilty of Auto Stripping in the Third Degree when that person intentionally removes or intentionally destroys or intentionally defaces any part of a vehicle, other than an abandoned vehicle, without the permission of the owner." N.Y. Penal Law § 165.09(1).[6] "A person is guilty of Criminal Mischief in the Fourth Degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, that person intentionally damages property of another person." N.Y. Penal Law § 140.00(1). In New York, breaking a car window in the course of committing a petit larceny of the car's contents constitutes both criminal mischief and auto stripping. *See People v. Robinson*, 265 A.D.2d 241 (1st Dep't 1999).

Here, Walker, the complaining victim, told Officer Zito that Hart, an eyewitness, observed plaintiff break his car window, Walker reported to the police that his iPod was stolen from his car, and Hart later identified plaintiff in a line-up as the person he personally observed breaking Walker's car window. Thus, Officer Zito had probable cause to arrest plaintiff based on Walker's statements to Zito, Walker's complaint and Hart's identification. *Garrett v. City of New York*, 10 Civ. 2689 (JGK), 2011 U.S. Dist. LEXIS 109465 at *19 (S.D.N.Y. Sep. 26, 2011) (officer had probable cause to arrest where plaintiff was identified in a line-up). Therefore,

---

[6] Plaintiff's auto stripping charge was "bumped-up" to auto stripping in the second degree because, upon information and belief, plaintiff was previously convicted of auto stripping in the third degree in October 2008. (PL 22.); *see also* N.Y. Penal Law § 165.10 ("A person is guilty of auto stripping in the second degree when he or she commits the offense of auto stripping in the third degree and when he or she has been previously convicted within the last five years of having violated the provisions of section 165.09.").

plaintiff's false arrest/false imprisonment claim should be dismiss with prejudice as a matter of law.

**B.   Officers Had Probable Cause to Arrest Plaintiff for Possession of a Controlled Substance**

Officer Zito had probable cause to arrest plaintiff for criminal possession of a controlled substance in the seventh degree. "A person is guilty of criminal possession of a controlled substance in the seventh degree when he knowingly and unlawfully possesses a controlled substance." N.Y. Penal Law § 220.03. Drug residue, even if unusable, is nonetheless a controlled substance that gives rise to criminal liability for criminal possession of a controlled substance in the seventh degree. *People v. Mizell*, 72 N.Y.2d 651, 654 (1988) ("we conclude that cocaine residue -- though unusable -- is nonetheless a controlled substance (Public Health Law § 3306) that can give rise to criminal liability for what the Legislature has classified as possession of a controlled substance in the seventh degree."). Plaintiff admits that officers recovered a crack pipe from him and there is no dispute that the crack pipe had drug residue. (PL 20.) Therefore, plaintiff's false arrest/false imprisonment claim should be dismiss with prejudice as a matter of law.

**C.   Officers Had Probable Cause to Arrest Plaintiff for Menacing**

There was also probable cause to arrest plaintiff for menacing in the third degree because the defendant officers observed plaintiff raise his cane as if he was going to hit Walker. "A person is guilty of menacing in the third degree when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." N.Y. Penal Law § 120.15. A reasonable officer could have concluded that plaintiff's conduct in raising his cane as if he was going to hit Walker, was physically menacing and that plaintiff intentionally placed or attempted to place Walker in fear

of physical injury.  *See Matter of Daniel M.*, 37 A.D.3d 1101, 1103 (4th Dep't 2007) (affirming menacing conviction where defendant raised a flash light above his head as if to strike the victim).   Therefore, plaintiff's false arrest/false imprisonment claim should be dismissed with prejudice as a matter of law.

### POINT II

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM SHOULD BE DISMISSED AS THERE WAS PROBABLE CAUSE FOR PLAINTIFF'S PROSECUTION.

As explained *supra*, officers had probable cause to arrest plaintiff for auto stripping and criminal mischief.  "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York . . . ."  *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010) (first alteration in original) (quoting *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003)) (internal quotation marks omitted).   Therefore, plaintiff's claim for malicious prosecution fails as a matter of law.

In addition, plaintiff was indicted and an "indictment by a grand jury creates a presumption of probable cause that may only be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith."  *Savino*, 331 F.3d at 72 (quoting *Colon v. New York*, 468 N.Y.S.2d 453, 456 (1983)); *see also McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006) (indictment "gives rise to a presumption that probable cause exists [for] the crimes described" in the indictment).   To meet this burden, a plaintiff must do more than identify alleged "fraud, perjury, or suppression of evidence"— a plaintiff must establish that the indictment was procured through the use of the allegedly tainted evidence.  *Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000); *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 421-22 (S.D.N.Y. 2002) (allegation that officer lied

was not sufficient to overcome "strong presumption" created by indictment) (citations omitted). Plaintiff has not alleged a single fact that can overcome the presumption of probable cause here.

Moreover, plaintiff cannot prevail on his claim for malicious prosecution in light of the recent Supreme Court decision in *Rehberg v. Paulk*, No. 10-788, 2012 U.S. Dist. LEXIS 2711 (April 2, 2012). The holding in *Rehberg* establishes that a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony.[7] *Rehberg*, at *23-24. Officer Zito, is entitled to absolute immunity as a grand jury witness, and furthermore, the plaintiff's malicious prosecution claim should be dismissed if predicated solely on Officer Zito's "false statement" before the grand jury. Therefore, the Court should dismiss plaintiff's malicious prosecution claim with prejudice as it fails as a matter of law. *Blasini v. City of New York*, No. 11 Civ. 3022 (SAS), 2011 U.S. Dist. LEXIS 143766 (S.D.N.Y. Dec. 13, 2011) (dismissing plaintiff's malicious claim because of grand jury indictment).

### POINT III

### THE DEFENDANT OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FROM LIABILITY

Plaintiff's claims should be dismissed based on qualified immunity because the allegations in the complaint establish that officers had probable cause to arrest plaintiff. *Gilles v. Repicky*, 511 F.3d 239, 244 (2d Cir. 2007) (qualified immunity appropriate where the allegations in the complaint do not establish a violation of a constitutional right). Assuming, *arguendo*, that plaintiff was arrested without probable cause, the defendant officers would nonetheless be entitled to qualified immunity because an arresting officer "is entitled to qualified immunity if (a) it was objectively reasonable for the officer to believe that probable cause existed or (b)

---

[7] While not appearing on behalf of the civilian defendants, this Court should *sua sponte* dismiss the claims against Walker and Hart based on *Rehberg*.

officers of reasonable competence could disagree on whether the probable cause test was met."

*O'Neill v. Town of Babylon*, 986 F.2d 646, 649-50 (2d Cir. 1993) (citation and internal quotation

omitted); *see also  Simon v. City of New York*, No. 09 CV 1302, 2011 U.S. Dist. LEXIS 9515, at

*34 (E.D.N.Y. Jan. 3, 2011) (officer entitled to judgment even in the absence of probable cause

if "it was objectively reasonable for the officer to believe that probable cause existed, or officers

of reasonable competence could disagree on whether … probable cause [existed]."). The Second

Circuit has defined this standard, referred to as "arguable probable cause," as follows:

> Arguable probable cause exists when a reasonable police officer in
> the same circumstances and possessing the same knowledge as the
> officer in question could have reasonably believed that probable
> cause existed in light of well established law . . . It is inevitable
> that law enforcement officials will in some cases reasonably but
> mistakenly conclude that probable cause is present, and we have
> indicated that in such cases those officials – like other officials
> who act in ways they reasonably believe to be lawful – should not
> be held personally liable.

*Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001) (citations and internal quotations omitted).

An officer's actions are only objectively unreasonable if "no officer of reasonable competence

could have made the same choice in similar circumstances." *Lennon v. Miller*, 66 F.3d 416, 420-

21 (2d Cir. 1995) (emphasis added). Thus, "[t]he qualified immunity standard gives ample room

for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly

violate the law." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (internal quotation omitted).

> As noted *supra*, it was objectively reasonable for the defendant officers to accept

Walker's account and Hart's identification to establish probable cause and acted reasonably in

doing so. *See Alvarado*, 453 Fed. Appx. at 58; *Miloslavsky*, 808 F. Supp. at 355. In addition, the

defendants had an objectively reasonable basis to arrest plaintiff based on their own

observations, i.e. plaintiff holding a cane up as if to strike Walker and the recovery of the crack

pipe containing drug residue from plaintiff's pants pocket. Accordingly, at the very least,

officers had arguable probable cause for plaintiff's arrest based on the putative victim and eyewitness's accounts, as well as their own personal observations, and are therefore entitled to qualified immunity on plaintiff's false arrest claims.   The officers are likewise entitled to qualified immunity on plaintiff's malicious prosecution claims because they relied on a putative victim and eyewitness to establish probable cause. *See Miloslavsky*, 808 F. Supp. at 355.

### POINT IV

**IF THE COURT CONSTRUES PLAINTIFF'S COMPLAINT AS ALLEGING A DENIAL OF FAIR TRIAL CLAIM, PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE ALLEGED FALSE STATEMENT WAS NOT LIKELY TO INFLUENCE A JURY'S DECISION**

An officer violates a criminal defendant's right to a fair trial "when the officer creates false information likely to influence a jury's decision and forwards that information to prosecutors." *Ricciuti v. New York City Transit Auth.*, 124 F. 3d 123, 130 (2d Cir. 1997).   The District Attorney Office tried plaintiff on charges of auto stripping.   In an attempt to show false statements, plaintiff points to an alleged inconsistency between Walker's and Officer Zito's testimonies and questions whether Officer Zito had the ability to observe him looking into a red vehicle as Officer Zito drove in an unmarked patrol vehicle.   Plaintiff argues that Walker stated that he told Officer Zito about Hart at the scene and that Officer Zito stated that Walker told him about Hart back at the precinct.   This purported inconsistency between the witnesses does not mean that Officer Zito's statement was false since any inconsistency could have resulted from confusion, mistake or faulty memory. *Cf. United States v. Josephberg*, 562 F.3d 478, 495 (2d Cir. 2009).   Regardless, the statement, even if false, was not material and could not influence the

jury's determination on plaintiff's guilt or innocence on auto stripping charges.[8]   Officer Zito's observation on March 21, 2009, likewise, could not have influenced the jury's determination on plaintiff's guilt or innocence on auto stripping charges stemming from his conduct on March 19, 2009.   Therefore, plaintiff's denial of a fair trial claims should be dismissed, if the Court construes plaintiff's Complaint as bringing such a claim.

### POINT V

### PLAINTIFF'S HAS NOT SUFFICIENTLY ALLEGED A CLAIM FOR MUNICIPAL LIABILITY

Plaintiff named the City but alleges no facts to show that the City has harmed him in any way.   To the extent that the Court construes plaintiff's complaint as alleging a *Monell* claim against the City, it must be dismissed because plaintiff alleges no illegal acts committed by the City.   Municipalities are responsible only for "their own illegal acts," *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986), and are not vicariously liable for civil rights violations perpetrated by their employees.   *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).   Accordingly, to survive a claim for municipal liability, plaintiff must demonstrate a causal connection between his alleged injury and one of the following: (1) a formal policy, officially promulgated by the municipality, *Id.* at 690; (2) action taken by the official responsible for establishing policy with respect to a particular issue, *Pembaur*, 475 U.S. at 483-84; (3) unlawful practices by subordinate officials so permanent and widespread as to practically have the force of law, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1985) (plurality opinion); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact.   *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

---

[8] Indeed, the fact that plaintiff was acquitted demonstrates that the inconsistency did not, in fact, influence the jury's ultimate decision.

In the context of a motion to dismiss, "[t]o allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." *Missel v. County of Monroe*, 351 Fed. Appx. 543, 545 (2d Cir. 2009) (summary order) (affirming dismissal of *Monell* claim where plaintiff "made no factual allegations that would support a plausible inference that the [defendant]'s 'policies' or 'customs' caused . . . violations of [plaintiff]'s rights"); *see also Iqbal*, 6 U.S. at 680 (dismissing complaint where plaintiff merely stated that defendants subjected him "to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'").

In this case, plaintiff makes no attempt to identify the existence of a policy or practice which caused the purported constitutional violation. (*See Compl.*) Where a plaintiff, in his complaint, fails to identify the existence of any municipal policy or custom that caused the alleged constitutional violation, any claims against the municipality must be dismissed. *Overhoff v. Ginsburg Development*, 143 F. Supp. 2d 379, 389 (S.D.N.Y. 2001) (dismissing complaint against municipality pursuant to 12 (b)(6) where plaintiff failed to plead a *Monell* claim). In this regard, "[plaintiff's] complaint succinctly states one of the core legal concepts animating *Monell* liability. But it does nothing else." *Abreu v. City of New York*, 657 F. Supp. 357, 360-61 (E.D.N.Y. 2009).

Even had plaintiff identified any such policy or practice, plaintiff failed to plead any facts to make the existence of any policy plausible. *See Araujo v. City of New York*, 2010 U.S. Dist. LEXIS 26082, at *29 (E.D.N.Y. Mar. 19, 2010) (dismissing *Monell* claim on

pleadings since "plaintiff's allegation that the Municipal Defendants acted pursuant to 'de facto policies, practices, customs, and usages' … without any facts suggesting the existence of the same, are plainly insufficient to state a Section 1983 claim against the Municipal Defendants."). As previously noted, a motion to dismiss should be granted where a complaint fails to plead sufficient facts to state a claim that is not merely conceivable, but "plausible," *Twombly*, 550 U.S. at 555, and therefore mere allegations of a policy or practice, whatever their content, cannot survive a motion to dismiss. *Davis*, 2008 U.S. Dist. Lexis 47869, at *16-18. Here, plaintiff has alleged no facts to support an inference that his experience is attributable to an unconstitutional policy of the City of New York. *Cf. Trinidad v. City of New York*, No. 06 CV 3002 (BMC)(LB), 2006 U.S. Dist. LEXIS 51776, at *8 (E.D.N.Y. Jul. 7, 2006) ("A single incident alleged in a complaint, especially a single incident involving only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy.").

Additionally, in order to advance a § 1983 claim against a municipality, a plaintiff must prove an underlying violation of his constitutional rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Harper v. Port Auth. of N.Y. & N.J.*, 05 Civ. 5534 (BSJ), 2009 U.S. Dist. LEXIS 12473, at *15 (S.D.N.Y. Feb. 18, 2009); *Mitchell v. Prison Health Servs., Inc.*, 07 Civ. 8268, 2008 U.S. Dist. LEXIS 96944, at *16 (S.D.N.Y. Nov. 20, 2008). As discussed *supra*, plaintiff's arrest and prosecution was in all respects lawful. Without an underlying constitutional violation to sustain a finding of municipal liability, plaintiff's *Monell* claim must be dismissed.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Officers Zito and Chiu respectfully request that the complaint be dismissed in its entirety and with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:      New York, New York
             August 27, 2012

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for City of New York, Chiu and Zito*
100 Church Street, Rm. 3-157
New York, New York 10007
(212) 422-4050

By: _____
PERNELL M. TELFORT
Assistant Corporation Counsel

TO:    **BY FIRST-CLASS MAIL**
       Anthony Bennett
       *Pro Se Plaintiff*
       82 Wadsworth Avenue, Apt. 41
       New York, NY 10033